to the defendants. The defendants were not called upon under such an allegation to controvert proof offered of an agreement on the part of the defendants to answer for the debt of another, or to plead the statute of frauds. The plaintiffs having failed to establish the cause of action alleged in the complaint, it was error on the part of the trial justice to render judgment in favor of the plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(122 App. Div. 172.)

FIRST NAT. BANK OF SYRACUSE v. CITY OF SYRACUSE et al.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

CONTRACTS—CHANNEL IMPROVEMENT—CONSTRUCTION—RIGHT TO EXTRA COMPENSATION.

> A contract to improve a creek channel, requiring the contractor to do the bailing and draining for a lump sum, was based on an estimate of 43,500 cubic yards of excavation and a previous notice to bidders that the estimates were to be considered only as approximate. In doing the work it became necessary to excavate 84,676 yards. Held, that for work done fairly within contemplation of the contract the contractor may not claim additional compensation for bailing and draining, and that he may not claim increased compensation for such work under a provision that, if the alterations should increase the amount, the increase should be paid for according to the quantity actually done at a fixed price; there being no showing as to the quantity of bailing and draining, beyond that originally required, necessitated by the increased excavation, and there being no price fixed for such work.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1071–1080.]

Spring and Robson, JJ., dissenting.

Appeal from Special Term.

Action by the First National Bank of Syracuse against the city of Syracuse and Thomas F. Moore. From a judgment for plaintiff, defendants appeal; and from a judgment dismissing Moore's claim against the city, Moore appeals. Affirmed.

The following is the opinion of Andrews, J., at Special Term:

The plaintiff is entitled to the relief demanded in the complaint, with costs. Section 15, c. 418, p. 521, of the Laws of 1897 does not apply under the circumstances shown in this case. As between the defendant Moore and the city, the latter must succeed.

During the year 1902 the city of Syracuse desired to improve the channel of Onondaga creek. On August 14th it issued a notice to contractors. In that notice it was stated that the "estimate of qualities is to be considered only as approximate," that bidders were required to form their own judgment of the quantities and character of the work, that the contractor should have no claim against the city by reason of any variation between the quantities of the approximate estimate and the quantities of the work as done, and that the bids would be computed and canvassed by the quantities mentioned in the following estimate. Then appeared various items: (a) All bailing and draining; (b) clearing; (d) 43,500 cubic yards excavation; (e) 800 cubic yards embankment; (f) 1,000 cubic yards riprap. On September 2d Mr. Moore submitted his bid: (a) For bailing and draining, the sum of $10,000; (b) for all clearing, the sum of $500; (d) for excavation, the sum of 28 cents per cubic yard; (e) for embankment, the sum of 25 cents per cubic yard; (f) for riprap, the sum of $2 per cubic yard; (i) for all work done by written order of the com-

missioner of public works, its actual reasonable cost to the contractor, as determined by the commissioner, plus 15 per cent. of said cost. On November 5th the contract between the city and Mr. Moore was executed. The latter agreed to complete the work and furnish all the labor, machinery, tools, and material to do everything required to improve Onondaga creek in the manner and under the conditions and requirements hereinafter specified and in accordance with the plans of the city engineer as exhibited at the letting. It was agreed between the parties that the quantities of work to be done and the materials to be furnished as given in the accompanying notice to the contractors are only for the purpose of comparing on a uniform basis the bids offered for the work under the contract; and it was agreed that the board of contract and supply reserved the right to increase or diminish the above-mentioned quantities, or any of them, as might be deemed necessary by the commissioner of public works. It was further agreed that the city engineer might make alterations in the line and grade, and the commissioner in place, form, position, dimension, or material of the work herein contemplated, or of any part thereof, either before or after the commencement of construction. "If such alterations diminish the quantity of work to be done, they shall not constitute a claim for damages or for anticipated profits on the work that may be dispensed with. If they increase the amount of such work, such increase shall be paid for according to the quantity actually done, and at the price established for such work under the contract; or, in case there is no price established, it shall be paid for at its actual reasonable cost as determined by the commissioner, plus 15 per cent." The contract further provided that in the item "bailing and draining" there should be included the necessary machinery, labor, power, materials, cofferdams, or other appliances to so far remove all water, ice, or snow from the work as to enable it to be thoroughly done and inspected. The prices Mr. Moore was to be paid for such work corresponded with the prices specified in his bid. Mr. Moore proceeded with the work, but for some reason the amount of excavation shown in the plans was so far increased by the city that it amounted to 84,676, instead of 43,500, yards. The contractor claims that his bid of $10,000 for bailing and draining was based upon the estimate of 43,500 yards of excavation, and when the excavation was practically doubled the amount of bailing and draining required was also greatly increased, and that the amount allowed him for such item should be also increased in the like proportion. This claim is based upon the provision that, if the alterations in the line, grade, and dimension of the work contemplated in the contract increase the amount of such work, such increase shall be paid for according to the quantity actually done and at the price established for the work under the contract.

The first answer to this proposition is that there is no evidence in the case of the quantity of bailing and draining beyond that originally required which was necessitated by the increased excavation, and, further, that there is no price established for such work under the contract. The price for excavation at 28 cents per cubic yard is established. But it cannot fairly be said that the amount to be paid for additional bailing and draining can be fixed by dividing the $10,000 bid therefor by 43,500, the approximate amount of cubic yards of excavation contemplated, and that the quotient is the price per cubic yard for such work. If the contractor is entitled to anything for this item, it is the actual reasonable cost of the additional bailing and draining, plus 15 per cent.; and there is no evidence in the case as to what such cost is. But, as I interpret the contract, there is another answer fatal to Mr. Moore's claim. His agreement was to do all the bailing and draining necessitated by the excavation which the contract required for $10,000. This might be more or less than the amount originally estimated. The city had the power to make such alterations. The bid was put in with this in mind. If the total excavation had been decreased, the contractor was still entitled to $10,000; so of an increase in this same item. I do not hold that an increase might not be so great as to constitute extra work under this contract. If so, the contractor would be entitled to recover compensation for the bailing and draining entailed thereby. I do not even hold that the increase in the present case was not so great as to be outside of the contemplation of the contract. But that question, in view of the pleadings, is not here. All that I hold is that for work done fairly within

the contemplation of the contract executed by the parties no additional compensation can be allowed under the item of bailing and draining.

Proper findings may be prepared, and, if not agreed upon, will be settled upon five days' notice.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Walter W. Magee, Corp. Counsel, for appellant city.
King, Waters & Page, for appellant Moore.
Lewis & Crowley, for respondent.

PER CURIAM. Judgment affirmed, with costs to the respondent bank against the appellant city of Syracuse, on opinion of Andrews, J., delivered at Special Term.

SPRING, J. (dissenting). I concur with the conclusion of the learned trial justice that the city is liable to the plaintiff. The claim of Moore for bailing and draining, and that was the only item really in controversy between him and the city, was dismissed, "but not upon the merits." It is that part of the judgment which I think constitutes error.

Specifications had been prepared for the improvement of Onondaga creek. The item of bailing and draining was one of those contained in these specifications; and, in brief, this term denoted the excavating of a ditch or channel in the bed of the creek to carry off the water so that the men engaged in the improvement could carry on the work, and according to the specifications it included "the necessary machinery, labor, power, materials, cofferdams, or other appliances to so far remove all water, ice, or snow from the work as to enable it to be thoroughly done and inspected." Kelley's bid for this work was $10,000. In the notice to the contractors it was estimated that there would be 43,500 cubic yards of excavation. When the work was completed the actual amount of work excavated was about twice the amount estimated, and the contractor, Moore, seeks to recover for this increase. The notice to contractors referred to contained this provision:

"The following estimate of quantities is to be considered only as approximate, and bidders are required to form their own judgment of the quantities and character of the work, by personal examination of the ground where it is to be done and of the specifications and drawings relating to it, or by such other means as they may prefer."

The counsel for the city claims that the bid was a lump sum for doing all the bailing and draining, whatever might be the quantity, and that the provision quoted precludes any recovery by the contractor for the extra amount of work imposed by the additional excavation. That construction might prevail for any slight variation either increasing or lessening the quantity of labor performed; but, if there was a substantial difference in the amount done, it is to be considered in fixing the amount of compensation. Clause F of the contract reads as follows:

"It is further agreed that the said engineer may make alterations in the line and grade, and the commissioner in place, form, position, dimensions, or

material of the work herein contemplated, or any part thereof, either before or after the commencement of construction. If such alterations diminish the quantity of work to be done, they shall not constitute a claim for damages or for anticipated profits on the work that may be dispensed with. If they increase the amount of such work, such increase·shall be paid for according 'to the quantity actually done, and at the price established for such work under the contract; or, in case there is no price established, it shall be paid for at its actual reasonable cost as determined by the commissioner, plus 15 per cent. of said cost."

The work is fairly within the scope of this provision. The answer served by the defendant Moore makes no reference to any claim for bailing and draining. There is a count for extra work, but apparently it does not pertain to this demand, because the averment is upon a claim recognized by the city by part payment. Upon the trial the defendant did not proceed upon the assumption that he was entitled to recover the reasonable cost incurred by him in consequence of the increased excavation. His claim was that the item for bailing and draining was for a certain price per yard, and, as the amount excavated increased, there was a proportional addition to the compensation. We think this is not a reasonable deduction. There was no proof as to the added cost, and before any recovery can be had there should be clear proof that there was a substantial extension to the labor performed due to the largely increased excavation.

Upon the trial the defendant Moore proved by experts that where a bid of a lump sum is made for bailing and draining "the amount and quantities are reasonably approximate," and that the compensation varied with the change in the quantity of earth excavated from the estimate. This evidence was objected to, but no question was raised that the claim was not within the answer, or that the measure of damages sought to be adopted was improper. The court dismissed the claim, but not upon the merits. The trial judge held very properly that there was no proof justifying the conclusion that the extra expense of the work was regulated ratably by the enlargement of the quantity of earth removed. If the defendant city had objected on the ground that the claim was not covered by the answer, or that the proper measure of damages was not adopted, an amendment might have been allowed, and the claimant might have proceeded according to section F of the contract. We think the claim should not have been dismissed. The note and assignment held by the bank are to be delivered to the city upon payment of the amount due the bank. Quite a large sum has been found due to ·Moore which can be applied toward the payment of the note by the city, leaving a considerable balance unpaid. The controversy between him and the city over the bailing and draining ˙item can be readily determined in this action without much expense, and if any sum is found due Moore the two claims can be adjusted and judgment awarded for the difference.

The appellant Moore appealed from that part of the judgment which directed the bank to assign and deliver to the city the note against him and any collateral held as security for the note. This is a very proper direction. The city is in the situation of a surety for Moore, and is subrogated to all the rights of the bank upon paying Moore's debt. The judgment in favor of the plaintiff should be affirmed, with costs.

Judgment dismissing the claim of the defendant Moore against the city for bailing and draining should be reversed, and a new trial ordered, but without costs to either party, as the defendant Moore only succeeds in part, with leave to him to apply for an amendment to his answer, if he is so advised.

ROBSON, J., concurs.